NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GULINDER SINGH, | No. 18-72753 |
| Petitioner, | Agency No. A205-586-641 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 10, 2021**
Seattle, Washington

Before: GOULD, TALLMAN, and BUMATAY, Circuit Judges.
Dissent by Judge GOULD

Gulinder Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order affirming the denial of his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.[1]

1. Substantial evidence supports the Board's denial of asylum and withholding of removal based on the Immigration Judge (IJ)'s adverse credibility finding and adverse demeanor finding because it was based on internal inconsistencies in the petitioner's testimony, lack of detail in his testimony, and non-responsiveness in his demeanor.[2] *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010); *see also Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) ("[O]ur review will always require assessing the totality of the circumstances."); *Lalayan v. Garland*, 4 F.4th 822, 839 (9th Cir. 2021) (discussing the "special deference" given to non-verbal demeanor findings). The Board correctly concluded that these grounds were not clearly erroneous.

2. Substantial evidence also supports the Board's determination that Singh's corroborating evidence was insufficient to rehabilitate the adverse

---

[1] We deny the government's motion for administrative closure, Dkt. 36, without prejudice to the parties' ability to seek appropriate relief before the agency. Consequently, we direct the Clerk to stay issuance of the mandate for 30 days in order to allow time for the parties to accomplish administrative reopening.

[2] We consider only the grounds relied upon by the Board, *Singh v. Holder*, 649 F.3d 1161, 1164 n.6 (9th Cir. 2011), "review[ing] the IJ's decision to the extent incorporated," *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). Factual findings, including credibility determinations, are reviewed for substantial evidence. *See Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007).

credibility finding.  *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (finding, in the absence of credible testimony, "the remaining evidence in the record is insufficient to carry [the petitioner's] burden of establishing eligibility for relief").

3.      Because Singh could not establish his eligibility for asylum, his withholding of removal claim was properly denied on the same bases.  *See Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014).  Nor did Singh carry his burden of establishing his entitlement to relief under the CAT.  The evidence in the record in no way compels the conclusion that it is more likely than not that Singh would suffer harm rising to the level of torture "by government officials or private actors with government acquiescence" if returned to India.  *Arrey v. Barr*, 916 F.3d 1149, 1160 (9th Cir. 2019); *see also Singh v. Ashcroft*, 351 F.3d 435, 443 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

GOULD, Circuit Judge, dissenting:

I respectfully dissent and would grant the motion for administrative closure.